UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEAN T. DOHERTY,

Plaintiff,

v.

NAVY FEDERAL CREDIT UNION,

Defendant.

Case No.: 3:25-cv-2863 JAH-SBC

**ORDER:**

**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND**

**(2) DISMISSING PLAINTIFF'S COMPLAINT**

**[ECF Nos. 1-2]**

## INTRODUCTION

On October 23, 2025, Sean T. Doherty ("Plaintiff"), proceeding pro se, filed a complaint alleging breach of contract, breach of implied covenant of good faith and fair dealing, conversion, civil theft, violation of Bus. and Prof. Code § 17200, and negligence against Navy Federal Credit Union ("Defendant"), along with an Application to Proceed *In Forma Pauperis* ("IFP"). ECF Nos. 1, 2.

After careful review of the pleadings, and for the reasons set forth below, the Court (1) **DENIES** Plaintiff's Application to Proceed IFP, and (2) **DISMISSES** the complaint

without prejudice.

## DISCUSSION

### I. Application to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must typically pay $405 in statutory fees. 28 U.S.C. § 1914.[1] However, pursuant to 28 U.S.C. § 1915(a)(1), if a plaintiff is granted leave to proceed IFP, a court may authorize a plaintiff to proceed without first paying the statutory fees in full or in part. *See Hymas v. U.S. Dept. of the Int.*, 73 F.4th 763, 767 (9th Cir. 2023).

Plaintiffs seeking to proceed IFP must submit "an affidavit that includes a statement of all assets" showing their inability to pay statutory fees. 28 U.S.C. § 1915(a). Although "an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life . . . a plaintiff seeking IFP status **must allege poverty with 'some particularity, definiteness and certainty**.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)) (emphasis added).

Here, Plaintiff failed to provide an affidavit and complete statement of assets in support of his application. Although Plaintiff used the correct form[2] to file his IFP Application, Plaintiff failed to sign the "Affidavit in Support of Application" that requires him to declare, under penalty of perjury, that the information in the application is true. *See Gonzalez v. U.S. Customs & Border Prot.*, No. 21-CV-1558 TWR (DEB), 2021 U.S. Dist.

---

[1] In addition to the $350 statutory filing fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914; Judicial Conf. of the U.S., District Court Misc. Fee Schedule, ¶ 14 (Dec. 1, 2023). The additional $55 administrative fee does not apply to IFP litigants. 28 U.S.C. § 1915(a)(1).

[2] Plaintiff filed the correct form AO 239, Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), but it was incomplete.

LEXIS 174552 (S.D. Cal. Sep. 13, 2021) (denying the plaintiff's motion to proceed IFP because he neglected to sign his affidavit under penalty of perjury).

Plaintiff also failed to provide adequate information regarding his monthly expenses. Plaintiff claims total monthly expenses of $4,050.00 and $250 in monthly income but provides no explanation of how he can afford or pay his expenses. *See* ECF No. 2 at 5.

Given Plaintiff's failure to properly submit an affidavit and a complete statement of assets showing his inability to pay the statutory fees, the Court finds the Application lacks the "particularity, definitiveness, and certainty" necessary for the Court to grant leave for Plaintiff to proceed IFP. *See Escobedo*, 787 F.3d at 1234. Accordingly, Plaintiff's Application to Proceed IFP is **DENIED** without prejudice.

Although Plaintiff cannot proceed with this action until he has either paid the $405 filing fee required to maintain this action or qualified to proceed IFP, the Court will allow Plaintiff adequate time to submit payment of the fee or provide additional information about his economic status.

## II. Sua Sponte Review Pursuant to 28 U.S.C. § 1915(e)(2)(B)

A court may dismiss an action sua sponte at any time for lack of subject matter jurisdiction. *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974). "In contrast to dismissals for failure to state a claim, if the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements." *Franklin v. Or., State Welfare Div.*, 662 F.2d 1340, 1342 (9th Cir. 1981).

In his complaint, Plaintiff asserts claims for breach of contract, breach of implied covenant of good faith and fair dealing, conversion, civil theft, violation of Bus. and Prof. Code § 17200, and negligence. *See* ECF No. 1 ("Complaint"). Although Plaintiff's allegations assert state tort claims, Plaintiff asserts the Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* at 2. "[T]he party asserting diversity jurisdiction bears the burden of proof." *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853 at 858 (9th Cir. 2001) (internal citation and quotations omitted). Thus, Plaintiff has the burden of demonstrating diversity

jurisdiction by showing "in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

To establish diversity jurisdiction, Plaintiff must show: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Plaintiff does not list the citizenship of Defendant but asserts Defendant "is a federally chartered credit union doing business nationwide including within the Southern District of California." Compl. at 2. Federal courts generally treat Navy Federal Credit Union as a corporation subject to 28 U.S.C. § 1332(c) and look to the principal place of business to determine citizenship. *See Lloyd v. Navy Fed. Credit Union*, No. 17-CV-1280-BAS-RBB, 2019 WL 2269958, at *5 (S.D. Cal. May 28, 2019). A corporation is a citizen of the state under whose laws it is incorporated and is a citizen of the state of its principal place of business. *See Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167. 1176 (9th Cir. 2025) (quoting 28 U.S.C. § 1332 (c)(1)).

Here, the Complaint fails to state Defendant's principal place of business. Therefore, Plaintiff fails to meet his burden of demonstrating diversity of citizenship exists to support this Court's exercise of jurisdiction over this action. *See Kanter*, 265 F.3d at 857. Accordingly, the Court DISMISSES this action without prejudice for failure to establish subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED** without prejudice pursuant to 28 U.S.C. § 1915(e).
2. Plaintiff's Complaint is **DISMISSED** without prejudice. The Court **GRANTS** Plaintiff **forty-five (45) days** from the date of this Order, or **no later than December 7, 2026**, to file an amended complaint which cures the deficiencies of the pleading described herein. Plaintiff is cautioned, however, that should he choose to file an amended complaint, it must be complete by itself, comply with

the Federal Rules of Civil Procedure, including Rule 8(a) and Rule 12(b)(6), and that any claims not realleged will be considered waived. *See* CivLR 15.1. Absent good cause, a failure to file an amended complaint within the allocated timeframe will result in dismissal of this action without further order from this Court.

3. If Plaintiff files an Amended Complaint, Plaintiff has **forty-five (45) days** from the date of this Order, or **no later than December 7, 2026**, to pay the full filing fee <u>or</u> file a renewed, fully completed Application to Proceed *In Forma Pauperis* which cures the deficiencies described herein.

DATED: October 23, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE